The opinion of the Court was delivered (April, 1831) by
Harper, J.
We concur in the view taken by the complainants’ counsel, that the restraint which the testator thought proper to impose on his executors, with respect to the sale of the house and lot in question, could have no effect in restraining the devisees, if they were of full age and sui juris. If all of the devisees, in possession and remainder, were of age, and should join in a conveyance, the title would, of course, be good. It is' only the minority of some of them which prevents this from being done, which all seem to desire. The jurisdiction of Chan- *404 eery to sell and convey an infant’s estate, however questionable it may have been when first exercised, is now too firmly established to be shaken. It has been familiarly exercised ever since a Court of Chancery has existed in this State, and very many titles now depend upon it. It is, in many instances, an exceedingly beneficial jurisdiction : especially in this country, where land is frequently the least valuable and productive sort of property. Still, however, it ought to be exercised with the utmost caution, and the Court ought to be most fully satisfied of its necessity or expediency to an infant’s interests, before it will order a sale of his land. If not carefully guarded, the jurisdiction is liable to the most obvious abuses. The Court will not speculate for an infant. It must be satisfied that a certain advantage will be gained, or a serious injury suffered, before its interference can be warranted. I may observe, that in references to the Master or Commissioner on this subject, as well as on all others in which infants are concerned, and which are in fact ex parte, the officer should report to the Court the testimony on which his opinion is founded, in order to enable the Chancellor to form an opinion for himself. In the present case, there was no inquiry as to the necessity or expediency of the sale for the infants’ interests, but it is desired that the cause may be remanded for the purpose of making such inquiry. I suppose it is competent for this Court to make such an order. If the interests of the infants do require such sale, the Court would be unwilling to put the parties to the expense and delay of another suit. The cause is, therefore, remanded accordingly.
Johnson and O’Neall, JJ., concurred.

Decree reversed.